RE: ETHICAL OPINION REQUEST
THIS OFFICE HAS RECEIVED YOUR LETTER ASKING FOR A REVIEW OF A PARTICULAR FACTUAL SITUATION INVOLVING YOU, AS PROVIDED FOR IN 74 O.S. 4248.1 (1988). THE FACTUAL CIRCUMSTANCES, AS YOU HAVE OUTLINED THEM IN YOUR LETTER AND IN THE ATTACHMENTS THERETO, INDICATE THAT ON OR ABOUT SEPTEMBER 28, 1987, YOU ENTERED INTO A BUSINESS RELATIONSHIP WITH PHARMACY PROVIDERS OF OKLAHOMA, INC. (PPOK). THE ATTACHMENT THAT YOU HAVE PROVIDED TO ME STATES THAT THIS RELATIONSHIP IS ONE OF AN INDEPENDENT CONTRACTOR FOR THE FIRM, REPRESENTING ITS INTERESTS AS A PUBLIC RELATIONS/INFORMATIONAL REPRESENTATIVE FOR THE FIRM. YOUR LETTER OF REQUEST INDICATES THAT YOUR MAIN MISSION WITH PPOK IS TO CALL ON PHARMACIES STATEWIDE FOR SUCH SERVICES, THE LETTER STATES THAT YOU RECEIVE THE SUM OF $400.00 PER WEEK, BASED UPON A THREE-DAY WORK WEEK. YOU HAVE VERBALLY STATED TO ME THAT THESE DUTIES DO NOT INTERFERE WITH YOUR LEGISLATIVE DUTIES.
ON FEBRUARY 3, 1989, PPOK WAS AWARDED A STATE CONTRACT BY THE STATE EMPLOYEES GROUP INSURANCE BOARD TO ACT AS A PREFERRED PROVIDER OF PHARMACEUTICAL SUPPLIES FOR PERSONS WHO ARE MEMBERS OF THE STATE BOARD'S PREFERRED PROVIDER PROGRAM.
YOU HAVE STATED IN YOUR LETTER OF REQUEST THAT YOU DO NOT REPRESENT THE FIRM IN ANY WAY BY APPEARING FOR IT BEFORE THE STATE EMPLOYEES GROUP INSURANCE BOARD. YOU STATE THAT YOU DO, OF COURSE, HAVE LEGITIMATE STATEWIDE INTERESTS OF A LEGISLATIVE NATURE, AND HAVE URGED THIS STATE AGENCY TO ADOPT A STATEWIDE PREFERRED PROVIDER SYSTEM FOR PUBLIC EMPLOYEES WHO ARE MEMBERS OF THE PROGRAM, AND THAT YOU HAVE URGED THAT ALL RURAL HOSPITALS IN THE STATE BE PERMITTED TO BE A PART OF THAT PROGRAM. YOU HAVE STATED TO ME THAT YOU HAVE NEVER APPEARED ON BEHALF OF PPOK ITSELF AT ANY BOARD HEARINGS. YOU ASK IF YOUR FINANCIAL RELATIONSHIP WITH PPOK CONSTITUTES A PROHIBITED CONFLICT OF INTEREST. THIS LETTER IS TRANSMITTED TO YOU IN RESPONSE TO YOUR INQUIRY, AS REQUIRED OF THIS OFFICE UNDER THE TERMS OF SECTION 74 O.S. 4248.1 OF THE STATE ETHICS CODE.
TITLE 74 O.S. 4246 (1988) SETS FORTH THE LEGISLATIVE CODE OF ETHICS, AND PROVIDES, IN PART:
"NO LEGISLATOR SHALL:
 (A) INTRODUCE, PROMOTE OR VOTE FOR ANY PROPOSED SPECIAL INTEREST LEGISLATION ON HIS OWN BEHALF, OR ON BEHALF OF ANY OTHER PERSON, CORPORATION, PARTNERSHIP, TRUST OR BUSINESS ENTITY WHICH DIRECTLY AFFECTS SUCH LEGISLATOR OR IN WHICH SUCH LEGISLATOR HAS OR MAY HAVE ANY SUBSTANTIAL FINANCIAL INTERESTS OTHER THAN LEGISLATION AFFECTING LEGISLATIVE SALARIES, EXPENSES AND ALLOWANCES; PROVIDED, THAT THIS PROVISION SHALL NOT PRECLUDE A LEGISLATOR FROM INTRODUCING, PROMOTING OR VOTING FOR ANY PROPOSED GENERAL LEGISLATION WHICH DIRECTLY AFFECTS HIM OR IN WHICH HE HAS OR MAY HAVE ANY SUBSTANTIAL FINANCIAL INTEREST;
* * * * *
 (E) SELL OR CAUSE TO BE SOLD, RENT OR LEASE EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS, SERVICES, BUILDINGS OR PROPERTY TO ANY STATE AGENCY EXCEPT BY CONDEMNATION OR THREAT OF CONDEMNATION;
* * * * *
 (H) RECEIVE OR AGREE TO RECEIVE COMPENSATION FOR REPRESENTING OR ASSISTING ANY PERSON OR BUSINESS IN ANY TRANSACTION, FIRM, CORPORATION OR ENTITY FOR A FEE BEFORE ANY STATE DEPARTMENT, AGENCY, BOARD OR COMMISSION. THE PROVISIONS OF THIS PARAGRAPH SHALL NOT:
1. APPLY TO THE PRACTICE OF LAW BEFORE ANY COURT; OR
 2. PRECLUDE A MEMBER OF THE LEGISLATURE FROM ACTING ON BEHALF OF A CONSTITUENT TO DETERMINE THE STATUS OF A MATTER BEFORE A STATE DEPARTMENT, AGENCY, BOARD, COMMISSION, INSTITUTION OR INSTRUMENTALITY WITHOUT ACCEPTING COMPENSATION THEREFOR;"
FAILURE TO COMPLY WITH THE TERMS OF SECTION 74 O.S. 4246 IS GROUNDS FOR PUBLIC OR PRIVATE REPRIMAND, CENSORING OR REMOVAL FROM OFFICE. 74 O.S. 4247 (1988). ALSO FACTORING INTO THE PICTURE ARE THE TERMS OF ARTICLE X, SECTION 11 OF THE OKLAHOMA CONSTITUTION, WHICH STATE:
 "THE RECEIVING, DIRECTLY OR IN DIRECTLY, BY ANY OFFICER OF THE STATE, OR OF ANY COUNTY, CITY, OR TOWN, OR MEMBER OR OFFICER OF THE LEGISLATURE, OF ANY INTEREST, PROFIT, OR PERQUISITES, ARISING FROM THE USE OR LOAN OF PUBLIC FUNDS IN HIS HANDS, OR MONEYS TO BE RAISED THROUGH HIS AGENCY FOR STATE, CITY, TOWN, DISTRICT, OR COUNTY PURPOSES SHALL BE DEEMED A FELONY. SAID OFFENSE SHALL BE PUNISHED AS MAY BE PRESCRIBED BY LAW, A PART OF WHICH PUNISHMENT SHALL BE DISQUALIFICATION TO HOLD OFFICE."
SIMILARLY, ARTICLE V, SECTION 23 OF THE OKLAHOMA CONSTITUTION STATES:
 "NO MEMBER OF THE LEGISLATURE SHALL, DURING THE TERM FOR WHICH HE WAS ELECTED, BE APPOINTED OR ELECTED TO ANY OFFICE OR COMMISSION IN THE STATE, WHICH SHALL HAVE BEEN CREATED, OR THE EMOLUMENTS OF WHICH SHALL HAVE BEEN INCREASED, DURING HIS TERM OF OFFICE, NOR SHALL ANY MEMBER RECEIVE ANY APPOINTMENT FROM THE GOVERNOR, THE GOVERNOR AND SENATE, OR FROM THE LEGISLATURE, DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, NOR SHALL ANY MEMBER DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED OR WITHIN TWO YEARS THEREAFTER, BE INTERESTED, DIRECTLY OR INDIRECTLY IN ANY CONTRACT WITH THE STATE, OR ANY COUNTY OR OTHER SUBDIVISION THEREOF, AUTHORIZED BY LAW PASSED DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED."
(EMPHASIS ADDED).
HISTORICALLY, THE ATTORNEY GENERAL HAS CONSTRUED THE TERMS OF THESE VARIOUS PROVISIONS OF-LAW QUITE BROADLY. FOR EXAMPLE, IN A.G. OP. NO. 80-301, THE ATTORNEY GENERAL REVIEWED A PREDECESSOR VERSION OF SECTION 74 O.S. 4246, WHICH AT THAT TIME STATED THAT MEMBERS OF THE LEGISLATURE COULD HAVE INTERESTS IN CONTRACTS WITH AGENCIES OF THE-STATE, IF SUCH CONTRACTS WERE PRECEDED BY COMPETITIVE BIDDING OVERSEEN BY THE OFFICE OF PUBLIC AFFAIRS. THE ATTORNEY GENERAL RULED THAT THE PORTION OF THE STATUTE THAT AUTHORIZED CONTRACTS IF PRECEDED BY COMPETITIVE BIDDING WAS UNCONSTITUTIONAL, DUE TO THE BROAD PROHIBITIONS CONTAINED IN ARTICLE V, SECTION 23. THE ATTORNEY GENERAL CARTWRIGHT:
 OKLA. CONST., ARTICLE V, SECTION 23 IS AN ABSOLUTE AND IMPERATIVE BAR AGAINST ANY MEMBER OF THE LEGISLATURE HAVING A DIRECT OR INDIRECT INTEREST IN A CONTRACT FOR WHICH HE WAS ELECTED OR FOR A PERIOD OF TWO YEARS THEREAFTER."
WHEN THE STATE ETHICS ACT WAS ADOPTED, THE PORTIONS OF THE LAW AUTHORIZING CONTRACTUAL INTERESTS WITH STATE AGENCIES AFTER COMPETITIVE BIDDING WERE DELETED.
THE LANGUAGE OF 74 O.S. 4246(E) (1988) TALKS IN TERMS OF "SUBSTANTIAL FINANCIAL INTERESTS" THAT A MEMBER OF THE LEGISLATURE MIGHT HAVE. THE OPINIONS THAT HAVE DISCUSSED THIS TERM HAVE GENERALLY DEALT WITH SITUATIONS WHERE THE LEGISLATIVE MEMBER, OR HIS OR HER SPOUSE, HAD A PART OWNERSHIP INTEREST IN A BUSINESS SEEKING TO CONTRACT WITH THE STATE. SEE, A.G. OPIN. NO. 81-129
THE TERM "INDIRECT INTEREST", SUCH AS USED IN ARTICLE V, SECTION 23 HAS SIMILARLY BEEN VERY LIBERALLY CONSTRUED BY THE ATTORNEY GENERAL THROUGH THE YEARS. IN ATTORNEY GENERAL OPINION NO. 80-212, IT WAS ADVISED:
 ". . . PUBLIC POLICY IS CONTRAVENED WHEN A PUBLIC OFFICIAL PLACES HIMSELF IN A POSITION WHICH IS INCONSISTENT WITH HIS PUBLIC FUNCTION OR WHICH INTERFERES WITH HIS UNBIASED PERFORMANCE OF HIS DUTIES OR HAS A TENDENCY TO INDUCE HIM TO VIOLATE SUCH DUTY REGARDLESS OF WHETHER IT CAN-BE SHOWN THAT THE PUBLIC ACTUALLY SUFFERED ANY DETRIMENT."
IN ATTORNEY GENERAL OPINION NO. 79-202, IT WAS OPINED:
 "A MEMBER OF A WATER BOARD IS "INDIRECTLY INTERESTED" IN A CONTRACT LET BY THE BOARD WHEN A MEMBER HAS OR IS LIKELY TO HAVE A PECUNIARY OR PERSONAL INTEREST IN _ THE CONTRACT WHICH INTEREST IS LIKELY OR WOULD TEND TO INTERFERE WITH THE MEMBER'S OBJECTIVE PERFORMANCE OF HIS PUBLIC DUTY."
SIMILARLY, IN ATTORNEY GENERAL OPINION NO. 81-129, THE ATTORNEY GENERAL, QUOTING FROM OKLAHOMA NATIONAL BANK V. RECONSTRUCTION FINANCE CORPORATION, 127 F.SUPP. 156 (W.D. OKLA. 1951), STATED:
 ". . . (T)HE WORD INDIRECTLY . . . INCLUDES ALL METHODS OF DOING THE PROSCRIBED THING."
THAT OPINION CONCLUDED THAT FOR THE SPOUSE OF A MEMBER OF THE LEGISLATURE TO OWN IN WHOLE OR PART A COMPANY THAT RECEIVES A STATE CONTRACT WOULD BE AN IMPERMISSIBLE CONFLICT OF INTEREST UNDER ARTICLE V, SECTION 23 FOR THE LEGISLATOR IF-EITHER THE COMPENSATION DERIVED BY THE COMPANY OR THE CONTRACT WHICH GENERATES SUCH BUSINESS IS FUNDED IN WHOLE OR PART BY APPROPRIATIONS FROM THE OKLAHOMA LEGISLATURE.
THE GENERAL RULE ENUNCIATED IN THESE OPINIONS IS NOT A NEW ONE. IN ATTORNEY GENERAL OPINION NO. 63-370, IT WAS CONCLUDED:
 "(B) NO MEMBER OF THE LEGISLATURE, DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, OR WITHIN TWO YEARS THEREAFTER IS ENTITLED TO DERIVE, DIRECTLY OR INDIRECTLY, ANY PECUNIARY BENEFIT FROM APPROPRIATIONS MADE BY A LEGISLATURE OF WHICH HE WAS A MEMBER, REGARDLESS OF WHETHER OR HOW HE VOTED THEREON."
(EMPHASIS ADDED).
IT IS MY OPINION THAT IF YOU CONTINUE TO ACCEPT PAYMENTS FROM PPOK, WHICH FIRM NOW HAS A STATE CONTRACT FUNDED IN PART BY APPROPRIATED STATE MONIES, THAT YOU WOULD VIOLATE THE CONFLICT OF INTEREST PROVISIONS OF THE CONSTITUTION. WHILE IT ARGUABLE THAT THE TERMS OF 74 O.S. 4246 ARE SOMEWHAT LESS STRINGENT IN BREADTH OF THE TYPES OF CONFLICTS PROHIBITED, NONETHELESS THE CONSTITUTIONAL PROVISIONS REFERRED TO WOULD BE CONTROLLING.
(MICHAEL SCOTT FERN)